**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **TERRY LYNN JACKSON,** ) | |
| **BOP ID # 45685-177,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:14-CV-1631-P (BH) |
| ) | |
| **WILLIAM STEPHENS, Director,** ) | |
| **Texas Department of Criminal** ) | |
| **Justice Correctional Institutions Division,** ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, this case should be transferred to the Fifth Circuit as a successive petition.

**I.  BACKGROUND**

Terry Lynn Jackson (Petitioner), an inmate currently incarcerated in federal prison, filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] The respondent is Williams Stephens, Director of the Texas Department of Criminal Justice - Correctional Institutions Division. Petitioner challenges his conviction and eighty-year sentence in Kaufman County, Texas, in cause number 17,492 for delivery of cocaine. Petition (Pet.) at 2.

In May 1994, a jury convicted Petitioner of delivery of less than 28 grams of cocaine, and the jury assessed an eighty-year sentence and a $20,000 fine. The conviction was affirmed on appeal. *Jackson v. State*, No. 05-94-00916-CR (Tex. App. – Dallas March 3, 1995, pet. ref'd). Petitioner's first state habeas corpus application was denied. *Ex parte Jackson*, No. 30,398-01 (Tex.

---

[1] Petitioner pled guilty to four counts of possession with intend to distribute cocaine base and was sentenced on September 10, 2013, to 160 months' imprisonment, to be followed by four years of supervised release. *See* 3:13-CR-31-B (N.D. Tex.) (doc. 42).

Crim. App. March 27, 1996). His second state habeas corpus application was dismissed as successive. *Ex parte Jackson*, No. 30,398-02 (Tex. Crim. App. Sept. 20, 2000).

Petitioner previously filed a § 2254 petition challenging his confinement under that same conviction. *Jackson v. Johnson*, No. 3:96-CV-1897 (N.D. Tex.). In that prior petition, he contended that his appellate counsel was ineffective for failure to have a videotape made a part of the state appellate record in his direct appeal from the conviction. The district court conditionally granted relief on this basis, but the Fifth Circuit reversed. *See Jackson v. Johnson*, 150 F.3d 520 (5th Cir. 1998). Petitioner subsequently filed two other federal habeas corpus petitions, both of which were dismissed as successive. *See Jackson v. Chandler*, No. 4:14-CV-199-A (N.D. Tex.); *Jackson v. Johnson*, No. 3:01-CV-765-H (N.D. Tex.).

Petitioner now asserts his prior claim was incorrectly decided in his first petition in case No. 3:96-CV-1897. He claims that the state factfinding process was defective because there was no hearing in state court. Petitioner also argues that counsel's deficient performance resulted in a constructive complete denial of counsel, which is not subject to the prejudice prong of *Strickland v. Washington*, 466 U.S. 668 (1984).

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the papry seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[2] A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, Petitioner challenges the same conviction that he challenged in his prior federal petition, which was denied on the merits following the remand from the Fifth Circuit. Under *Hardemon* and *Crone*, he was required to present all available claims in his earlier petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CR-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation

---

[2] Although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction."

of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether the petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same conviction challenged in this case.

Petitioner's federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims concerning his conviction and state appeal that were or could have been raised in his prior federal petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id*. § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id*. § 2244(b)(2).

Here, Petitioner asserts that he received ineffective assistance of counsel on appeal, and that the prior denial of federal habeas corpus relief was incorrect. Before he may file his application in district court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See* § 2244(b)(3)(A) and (B).

Because the Fifth Circuit has not issued an order authorizing the district court to consider

this successive application for habeas relief, this Court lacks jurisdiction over this action.[3]

### III. RECOMMENDATION

The petition for writ of habeas corpus filed under 28 U.S.C. § 2254 should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 4th day of August, 2014.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Because Petitioner has not been authorized to file this successive § 2254 petition, the Court has not considered whether he is in custody pursuant to the state court judgment that he seeks to challenge. Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement is a jurisdictional prerequisite, and a petitioner must be in custody at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Generally, one satisfies the "in custody" requirement when the sentence for the challenged conviction has not fully expired at the time the petitioner files a petition under § 2254. *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968). While actual physical detention is not required to meet this custody requirement, there must be some restraint on the liberty of a person. *Jones v. Cunningham*, 371 U.S. 236 (1963). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.